CIACCIO, Judge.
An employee of defendant, New Orleans Public Service, Inc., accidentally dropped a two pound hammer from the top of a power-line pole where he was working. The falling hammer struck plaintiff on the head. NOPSI appeals from the jury verdict, which was made the judgment of the trial court, awarding plaintiff $20,000.00 as compensation for the injuries received as a result of the accident.
La.C.C.Art. 1934(3) affords the trier of fact “much discretion” in the assessment of damages in cases such as this one. The only issue raised on appeal concerns whether the amount of the award in this case represents an abuse of that discretion. NOPSI contends that the award is excessive and, therefore, an abuse of discretion. Plaintiff argues that the evidence in the record clearly supports the amount of the award as appropriate.
Por the reasons that follow, we affirm the judgment of the district court.
After being struck by the hammer, plaintiff was treated on the scene by paramedics and transported to the Charity Hospital emergency room. At Charity Hospital she was treated for head trauma, and released without being admitted. Plaintiff did not lose consciousness at any time.
Six days following the accident plaintiff consulted Dr. Robert W. Little, a specialist in family practice. Plaintiff complained to the doctor of suffering from headaches that hurt all over her head, occurred six to eight times a day, lasted thirty minutes to an hour, and were very severe for the first three or four days following the accident. At the time of her visit with the doctor the headaches had become more moderate in intensity. Plaintiff also complained of dark spots appearing like ants in front of her eyes.
Plaintiff suffered from significant anxiety and depression which Dr. Little related to some personal difficulties in plaintiff’s life. Dr. Little further testified, however, that “it was quite apparent at the time of the accident the depression and anxiety became greatly aggravated, significantly worse, and I think the accident itself greatly worsened her symptoms of depression and anxiety.”
Plaintiffs anxiety surrounding her injury was compounded by some personal history. Testimony was offered that a relative of plaintiffs had suffered a head injury and had died on the operating table (presumably in connection with treatment for the head injury).
Dr. Kenneth E. Vogel, a neurological surgeon, testified that the persistent, seemingly permanent, headaches which plaintiff complained of up until trial, more than two years after the accident, were “very unusual.” He indicated, however, that in a small percentage of cases, “[mjaybe two or three percent”, “[y]ou can have permanent headache syndrome, but almost always with a more severe concussion.” Plaintiff also related to Dr. Vogel that occassionally her legs would give out on her, a situation corroborated by lay testimony from a friend of the plaintiff.
Dr. W. Randolph Page, a specialist in neurological surgery, testified that in his opinion plaintiff suffered “a very minimal injury ... many many thousands of people have injuries of that magnitude and some of them don’t even go the hospital for them.” In connection with her continuing complaints of headaches the doctor said, “she had headache[s] after the injury but a lot of other things can cause headaches.” Dr. Little and Dr. Vogel also testified that causes other than being hit on the head could have contributed to plaintiff’s headaches. Dr. Little and Dr. Vogel both opined, however, that since plaintiff had not suffered from headaches prior to the hammer hitting her head, the headaches can be related to the accident.
NOPSI argues that the evidence indicates and that the opinions of the doctors confirm that plaintiff should have recovered completely within a short time following the accident, and had in fact reached maximum recovery within a year following the accident. Maximum recovery is not necessarily complete recovery. Further, *964 plaintiff is entitled to recover for the damages she suffered; she is not limited to recovering for what most people in a similar situation might have suffered.
The jury apparently concluded that plaintiffs continuing difficulties with headaches and her legs giving out resulted from the hammer hitting her head. We have reviewed the entire record and cannot say that this conclusion is clearly wrong. See-Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Considering that these difficulties persisted until trial, more than two years after the accident, with no significant sign of terminating, we cannot say that the jury abused its much discretion by awarding plaintiff $20,000.00. La.C.C.Art. 1934(3). Reck v. Stevens, 373 So.2d 498 (La.1979). Accordingly, the judgment of the trial court is affirmed. All costs are to be borne by appellant, New Orleans Public Service, Inc.
AFFIRMED.